[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff and the defendant were married on April 3, 1988, in Osaka, Japan.
All jurisdictional requirements have been met.
The parties have two children born issue of the marriage:
Monika Rei Kniley, born August 9, 1990; and
Spencer Shibahara Kniley, born August 14, 1994;
The marriage of the parties has broken down irretrievably and the same is hereby dissolved.
The State of Connecticut is contributing to the support of the plaintiff and the minor children.
The parties met while on vacation in Florida. They married in Japan and the plaintiff moved permanently to the United States.
The evidence reveals that throughout the marriage, the defendant has attempted to assert control over the plaintiff. He maintained such tight control over finances that Mrs. Kniley was on occasion left without funds for food and necessities. It was not until she first threatened to leave that she was given autonomy over money, including that which she contributed to the marriage. Mrs. Kniley sustained physical injuries during the defendant's violent outbursts. Mr. Kniley's violent temper and physical abuse, together with his controlling nature led to the marriage's deterioration.
Mr. Kniley, in his testimony, accepts no responsibility for his actions nor for their effect on his marriage. Rather, he paints a picture in which all fault falls on a wife he now describes as unbalanced. The evidence, though, is clear that the defendant's actions were the cause of the breakdown of the marriage.
Throughout his testimony, the defendant was both grandiose CT Page 12173 and deceitful. While describing himself as well known and respected in his field, he asserts that he is unable to find work comparable to that which he had. He is presently working for half the salary he earned at the time of the pendente lite orders, despite the fact that a friend of his has been the backer of both the enterprises for which he has worked during the proceedings. He says that his intent is to make money when the company makes money, feeling that the sacrifice now will be worth the payoff. He does not acknowledge that his children and the State of Connecticut are subsidizing his "game plan." His testimony regarding the circumstances of his employment and the coincidental reduction in his income is not credible. The court credits the testimony of the plaintiff in which she repeated the admission of the defendant that he could keep his wages low during the divorce proceeding. Therefore, the court will base its orders on an earning capacity equal to that which the defendant was making prior to the proceedings. This is conservative as he has earned fifty per cent more in the past. In addition, the financial affidavit filed by the defendant is not truthful in light of his landlord's testimony regarding their arrangements regarding rent expenses.
Previous to this hearing, the parties entered an agreement concerning custody of the children before the court. That agreement is incorporated herein as the orders of the court. In addition, the court sets this mater down for February 6, 1998, to determine whether or not progress has been made in counselling and whether or not the mother may relocate with the children.
The court has considered all the statutory criteria contained in Conn. Gen. Stats. Secs. 46b-81 and 46b-82 and enters the following orders:
1. The defendant shall pay $225.00 per week, as child support, through the Bureau of Support for the benefit of the State of Connecticut or the plaintiff as there interests may appear. This order is in compliance with the guidelines based on a gross income of $42,000.00 per year and subject to immediate wage withholding.
2. The defendant shall pay to the plaintiff as alimony $100.00 per week until the death of either party, the plaintiff's remarriage or January 1, 2013, whichever shall sooner occur. This order is payable through the Bureau of Support and is subject to immediate wage withholding. CT Page 12174
3. The defendant shall be responsible for all taxes owed on the marital property and shall defend, indemnify and hold harmless the plaintiff thereon. He shall also defend, hold harmless, and indemnify her as to any other liability associated with the home.
4. The defendant shall defend, hold harmless, and indemnify the plaintiff against any liabilities incurred during the marriage by either party.
5. The defendant shall maintain medical insurance for the benefit of the minor children as it is available through his employment. The parties shall be responsible for all unreimbursed non insured health related expenses incurred on behalf of the minor child. These unreimbursed, uninsured expenses shall be paid twenty five per cent by the plaintiff and seventy five per cent by the defendant.
6. The defendant shall, as he proposed, maintain life insurance for the benefit of the minor children in the amount of $50,000.00.
7. The plaintiff is awarded the ECCU accounts currently maintained for the benefit of the minor children. The defendant shall complete all paper work necessary to transfer said funds within 10 days, or the accounts shall pass by operation of law.
8. The plaintiff is awarded the computer and all computer equipment in the possession of the defendant and sought by him. The defendant is awarded the rest of the personal items requested in his proposed orders.
9. The defendant shall pay to the plaintiff by way of property settlement $10,000.00 payable at the rate of $50.00 per week, together with legal interest of 10 per cent on the declining balance, by immediate wage withholding. Any outstanding balance not paid by November 1, 2001 shall be payable on the date.
10. The plaintiff's passport and the passports of the children shall be returned to her forthwith, and she shall be the custodian of the same.
11. The defendant shall be responsible for the outstanding CT Page 12175 balance due and owing to Atty. Locario, the attorney for the minor child, and shall make arrangements for the payment of same within 30 days.
12. The defendant may claim Monika as a tax deduction for Federal and State returns so long as he is current in all obligations outlined above. The plaintiff shall claim Spencer as a deduction for Federal and State purpose, and also Monika in all years the that defendant is not eligible under this order.
ELAINE GORDON, JUDGE